GUTZWEILER, Respondent, v. LACHMAN et al., Appellants.

1. Where property is designed for the benefit of creditors, and a sale is made by the trustee under such assignment, the fact, that a purchaser at such sale purchases the property for the benefit of the grantor in the deed of trust and with a view to permit him to enjoy the benefit of it, will not render the transaction void as to creditors; nor would it be rendered void by the fact that the purchase was made with the understanding that the grantor should have the privilege of redeeming on payment of the sum advanced. It would be otherwise if the purchase had been made with money furnished by the grantor in the deed of trust.

2. In an action of ejectment for the recovery of leasehold premises, the plaintiff can not recover by way of damages the rents and profits beyond the time of the expiration of his title.

*Appeal from St. Louis Land Court.*

This cause has heretofore been before the supreme court. (See Gutzweiler v. Lachman, 23 Mo. 168.) It was an action in the nature of an action of ejectment, commenced September 16, 1854, to recover possession of certain leasehold premises in the city of St. Louis. Plaintiff claimed title by vir-

tue of a deed of conveyance dated May 17, 1853, executed by one Thomas J. Meier as trustee for one John T. Schultze. The defendant Garesché, who defended as the landlord of the other defendants, claimed title by virtue of a sale on execution under a judgment, dated April 22, 1852, against the said John T. Schultze and one Henry Mauck, and a deed from the sheriff, dated September 29, 1853; and also set up that the deed of trust to Meier and the deed of Meier to plaintiff were void as to the creditors of Schultze. The lease to Schultze was for ten years from September 1, 1845. The lessor agreed to pay to the lessee the value of the improvements at the expiration of the term, or to renew the lease at the option of the lessee. There was evidence tending to show that plaintiff purchased the property at the trustee's sale for the benefit of Schultze.

The court gave the following instruction at the instance of the plantiff: " 1. If the jury shall believe from the evidence that the property in dispute was purchased at the trustee's sale by the plaintiff for his own individual account, and that the money which was paid for the same was the money of the plaintiff, then they ought to find for the plaintiff." The court, of its own motion, instructed the jury as follows: " 2. If the jury find for the plaintiff, they will assess the amount of the damages the plaintiff has suffered, and the measure of damages is the value of the rents and profits of the premises sued for during all the time the defendants have held the possession against the plaintiff to this day; and the jury will find in addition and separately the monthly value of the rents and profits of the premises. 3. The deed from Meier (the trustee) to the plaintiff being fair and regular on its face, it devolves on the defendants, who attack it, to establish by evidence satisfactory to the jury, either that the plaintiff (Gutzweiler) bought the property for the use and benefit of Schultze, or that the purchase money or part of it was paid out of the means of Schultze; and unless the jury are satisfied that the defendants have established one or more of these

facts, the deed must stand and the defendants must fail in their defence." The court refused the following instructions asked by defendants: " 1. If the jury believe from the evidence that the property was bought by Gutzweiler, the plaintiff, with his own means, but with the understanding with Schultze that it was to be repaid to him by Schultze, then the property was bought for Schultze by Gutzweiler, and the jury must find for the defendants. 2. If the jury believe from the evidence in the cause that Gutzweiler purchased the property in dispute at the sale made by Meier, the trustee, for the benefit and use of Schultze, the plaintiff is not entitled to recover. 3. If the purchase money bid by Gutzweiler at the sale by Meier as trustee, or any part thereof, was paid by Schultze or with his means, the plaintiff can not recover."

The jury found for plaintiff and assessed his damages at the sum of $2,808, and fixed the monthly value at fifty dollars. A motion for a new trial and affidavits were filed in support thereof. It is deemed unnecessary to set them forth. They were filed with a view to show that defendants had been *surprised* by the verdict for damages.

*S. T. & A. D. Glover*, for appellants.

I. The plaintiff showed no legal title at the time of the trial. The lease, supposing plaintiff's right to it was not void, had expired September 1, 1855. The court erred in refusing the instructions asked by defendants. The property was evidently bought by Gutzweiler with Schultze's means. The court instructed the jury erroneously. The instruction as to the measure of damages was erroneous. No allowance was to be made for taxes, insurance, repairs and other charges imposed upon the lessee. The damages were excessive; they were obtained by a surprise. The affidavits show this. Damages should not be computed against defendants after the expiration of the lease.

*H. N. Hart*, for respondent.

Scott, Judge, delivered the opinion of the court.

This was an action of ejectment to recover possession of leasehold premises. The fact that the plaintiff purchased the property intending that Schultze should have it, would not make the sale void as to Schultze's creditors. One has a right to purchase the property of another and hold it for his benefit or permit him to enjoy the benefit of it. Such conduct can in nowise prejudice creditors; nor is the case altered by purchasing with the understanding that the debtor shall have the privilege of redeeming on payment of the sum advanced. Such a transaction would at most amount to a mortgage, and the creditors would not be allowed to come in but upon first satisfying it. We see no error in the giving or refusing instructions on these points. No doubt if the money, with which the plaintiff purchased the property, was furnished by Schultze, his right to a recovery, upon the proper establishment of that fact, would be taken away.

We are of the opinion that there was error in the instruction given as to the measure of the damages. The jury were instructed that the measure of damages was the value of the rents and profits of the premises sued for during all the time the defendants have held the possession against the plaintiff to this day. Now the lease in evidence showed that it had expired before the trial. The statute says, if the plaintiff prevail in the action, he shall recover damages for all waste and injury, and by way of damages the rents and profits down to the time of assessing the same, or to the time of the expiration of the plaintiff's title. On the evidence in the case, this instruction was clearly erroneous. Even on the instruction as given, the damages were excessive, the annual rent of the premises being seven hundred dollars and the lease showing that from this sum deductions were to be made.

The affidavits accompanying the motion for new trial showed a very hard case against the defendant Garesché, who in this whole matter manifested that he was willing to do

what was right. But we do not deem it necessary to go into these matters as the judgment will be reversed on the other ground. The affidavits clearly showed that the damages as against Garesché were excessive, for it is not seen how he was made responsible for them after the expiration of the lease.

Reversed and remanded; the other judges concurring.